## Case No. 6,104a.

### HARRIMAN v. DODGE.

[Betts, Scr. Bk. 554.]

District Court, S. D. New York. May 18, 1857.

MARITIME LIEN—SUPPLIES—LIABILITY OF MORTGAGEE OF VESSEL.

[A master appointed by the owner, and sailing the vessel on shares with him, has no power to bind one who holds the title merely as security, for supplies furnished in her home port, by representing such person as owner.]

The libel in this case was filed [by Charles Harriman against Sewell V. Dodge] to recov-

er $51.83 for an anchor supplied by the libellant to the sloop Exchange, in May, 1854. The vessel had belonged to one Kingsland, as the libellant knew, having dealt with him as such owner. In November, 1853, Kingsland conveyed her to the respondent to secure his indebtedness to him. The anchor was ordered by McGee, the master, who was sailing the vessel on shares, and who was appointed master by Kingsland in the spring of 1854. In July, 1854, the vessel was conveyed to one Thompson, at Kingsland's request. McGee, when he bought the anchor, said Dodge owned the vessel. The sale was in effect for cash, though delivered without exacting immediate payment. Both parties resided in the city of New York.

Mr. McMahon, for libellant.

Beebe, Dean & Donohue, for respondent.

**HELD BY THE COURT (BETTS, District Judge).** That the libellant gives no proof of such exigency as would give him a lien upon the vessel for the anchor, under the ruling in the case of Pratt v. Reed [19 How. (60 U. S.) 359], recently decided in the United States supreme court. That, no obligation against the vessel having been created by the sale, the vendor cannot sustain an action against her owner for supplies because of his ownership, without proving that the purchase was his personal act or made by his authorized agent. That if McGee did tell the libellant he was authorized by the respondent to buy the anchor, no authority for that declaration is shown, as he was appointed master by Kingsland, and sailed her on shares with Kingsland; and Kingsland testifies that he never authorized him to make such statements. On the contrary, the testimony goes clearly to prove that the respondent only held a mortgage interest in the sloop, and that the title was all the time in Kingsland. That there is, accordingly, no foundation in law or fact for the action. Libel dismissed, with costs.